## U. S. CIRCUIT COURT.

THE UNION PACIFIC RAILROAD COMPANY agt. HENRY S. McCOMB.

*Removal of cause — When may be removed.*

A suit by a corporation created by the United States, is a suit arising under the laws of the United States and may be removed under *section* 2 *of the act of March* 3, 1875 (18 *U. S. Stat. at Large,* 570).

The mere allegation in the complaint that the plaintiff is a corporation created by act of congress, shows that the suit is one arising under the laws of the United States.

*Southern District of New York, March,* 1880.

*Emott, Hammond & Kidder,* for plaintiff.

*Francis N. Bangs,* for defendant.

BLATCHFORD, *J.* — This is a suit commenced in the supreme court of New York and removed into this court by the defendant. The plaintiff now moves to remand it to the state court. The complaint in the suit, put in in the state court, alleges that the plaintiff is a corporation created by an act of congress. The suit is brought for an accounting for certain moneys and securities alleged to belong to the plaintiff and to have been fraudulently received and converted by the defend-

ant, and for the cancellation of a note alleged to have been wrongfully obtained from certain officers of the plaintiff by the defendant and others. The petition for removal states that the plaintiff is a corporation created by an act of congress, and that the suit and the matters in dispute therein arise under the laws of the United States. The ground on which the motion to remand is based is that the matters in dispute in the suit "in nowise concern, or are involved in, or are controlled by any of the laws of the United States, except in so far as the same may be concerned by the fact" that the plaintiff was incorporated by an act of congress.

The second section of the act of March 3, 1875 (18 *U. S. Stat. at Large*, 570), provides for the removal of a suit "arising under the Constitution or laws of the United States" by either party to such suit. This enactment is warranted by the provision of section 2 of article 3 of the Constitution of the United States that the judicial power of the United States "shall extend to all cases, in law or equity, arising under this Constitution, the laws of the United States," &c. Under the principles laid down in the decision in *Osborne* agt. *Bank of the United States* (9 *Wheaton*, 738, 819) it must be regarded as settled that a suit by a corporation created by the United States is a suit arising under the laws of the United States.

The allegations of the petition above recited are sufficient to show that the suit arises under a law of the United States. The case is not like that of *Gold Washing Company* agt. *Keyes* (6 *Otto*, 199). In that case the corporation was not one created by an act of congress, and the petition for removal, which was made by the corporation and others, did not state facts sufficient to show that the case, which was a suit against the corporation and others, arose under the laws of the United States. In the present suit the mere allegation that the plaintiff is a corporation created by act of congress, shows that the suit is one arising under the laws of the United States.

The motion to remand the suit is denied.